# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **12-02442-dd**

## ORDER ON MOTION FOR SANCTIONS

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/13/2012**



/s/ David R. Duncan

David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/14/2012

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 12-02442-DD |
| Jessica Janine Bolin, | Chapter 7 |
| Debtor. | **ORDER ON MOTION FOR SANCTIONS** |

This matter is before the Court on a Motion for Sanctions ("Motion") filed by Jessica Janine Bolin ("Debtor") against Jennifer A. Werby on July 23, 2012. The Motion alleges a violation of the automatic stay. A response was received from Ms. Werby on August 20, 2012. A hearing was held on September 11, 2012. Debtor and her counsel appeared, but Ms. Werby did not appear. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues the following Findings of Fact and Conclusions of Law.

## **FINDINGS OF FACT**

Debtor filed for chapter 7 bankruptcy protection on April 17, 2012 and listed one creditor. Debtor filed her schedules and statements on May 2, 2012, adding numerous creditors, including Ms. Werby's business, Ideal I Do's, Inc., in the amount of $755.00. A certificate of service reflects that notice of the commencement of the bankruptcy case and other documents were served on Ideal I Do's, Inc. and the other added creditors. Debtor received her chapter 7 discharge on July 31, 2012. Debtor is self-employed as a web developer, and Ms. Werby's claim arose from a contract between the parties for Debtor to develop a website for Ms. Werby's business.[1] Debtor testified that after notice of her bankruptcy was sent to her creditors, Ms. Werby, who self-identified herself as a Reverend in the response filed with the Court, began

---

[1] The project proposal introduced into evidence is from Debtor's business, a sole proprietorship, and makes reference to the website of Ideal I Do's, Inc. Testimony from Debtor indicated that payment was made by Jennifer A. Werby. Ideal I Do's, Inc. was listed as a creditor on Debtor's bankruptcy schedules, but Ms. Werby was not. The evidence indicates that Ms. Werby undertook the actions complained of in Debtor's Motion.

repeatedly calling her and sending her obscene, harassing emails, several of which were introduced into evidence. The emails indicated that Ms. Werby intended to "collect[ her] money. Bankruptcy or not" and stated, "I will follow you until the day you die or I get my money." Debtor's Exhibit #1. Besides repeatedly referring to Debtor in vulgar and highly offensive terms, Ms. Werby also informed Debtor that she had obtained Debtor's social security number,[2] and stated, "How convenient." Debtor's Exhibit #1. Ms. Werby also posted disparaging comments about Debtor on Debtor's business website and her Facebook page.

As a result of Ms. Werby's actions, after first contacting Ms. Werby, mentioning the bankruptcy filing, and requesting that Ms. Werby "cease and desist," Debtor obtained counsel for the sole purpose of pursuing the present Motion. Debtor's counsel submitted an affidavit to the Court which indicated that he had spent a total of 8.25 hours on the case and that his hourly rate is $250.00 per hour. Debtor also testified at the hearing that due to Ms. Werby's comments about Debtor's social security number, she was fearful that Ms. Werby would engage in identity theft and therefore has engaged a credit monitoring service which costs $14.95 per month. While Debtor testified that she had incurred damages in other forms, no evidence as to those damages was presented.

## **CONCLUSIONS OF LAW**

Upon the filing of a bankruptcy case, an automatic stay is in place, which prevents creditors from proceeding against the debtor to collect a debt. 11 U.S.C. § 362(a). After a debtor receives her discharge, the discharge injunction under 11 U.S.C. § 524 continues to protect the debtor from a creditor's attempts to collect any debt as a personal liability of the debtor. 11 U.S.C. § 362(k) provides, "Except as provided in paragraph (2), [not applicable here,]

---

[2] Bankruptcy Form 21, which, according to a certificate of service filed by Debtor, was transmitted to Ms. Werby and other creditors along with the Notice of Meeting of Creditors on May 11, 2012, provides this number.

an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

The Fourth Circuit has stated that a creditor has engaged in a willful act in violation of the stay if he "commits an intentional act with knowledge of the automatic stay." *Citizens Bank of Maryland v. Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995). *See also In re Dexter*, No. 10-07071-8-RDD, 2012 WL 137509, at *4 (Bankr. E.D.N.C. Jan. 18, 2012) (quoting *Lofton v. Carolina Fin. LLC (In re Lofton)*, 385 B.R. 133, 140 (Bankr. E.D.N.C. 2008)); *In re Seaton*, 462 B.R. 582, 592 (Bankr. E.D. Va. 2011) (quoting *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 187–88 (Bankr. E.D. Va. 2000)). An award of damages under section 362(k) must be founded on "concrete, non-speculative evidence" and cannot be based merely on "speculation, guess or conjecture." *Seaton*, 462 B.R. at 595 (quoting *Rawles v. Wych (In re Rawles)*, Adv. No. 08-00555, 2009 WL 2924005, at *2 (Bankr. D. Md. June 18, 2009)).

It is clear from the evidence presented to the Court that Ms. Werby knew of the bankruptcy filing and continued to contact Debtor for the purpose of collecting a pre-petition debt. Ms. Werby received actual notice of the bankruptcy. In fact, this notice appeared to prompt her threatening and offensive actions against Debtor. Ms. Werby stated in her email correspondence with Debtor that she intended to collect from Debtor regardless of her bankruptcy. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines specifically references the automatic stay. Ms. Werby had knowledge of the bankruptcy stay and willfully acted in violation of it. Debtor is entitled to damages under section 362(k).

Debtor's counsel's affidavit indicates that he has spent a total of 8.25 hours on this case and that his hourly rate is $250.00. The Court's calculation, using the breakdown in Debtor's counsel's affidavit, arrives at total time of 7.75 hours. The affidavit indicates that 3 hours of that time was spent traveling to and from the hearing on Debtor's Motion. Counsel will be compensated for travel at half of the normal hourly rate, or $125.00 per hour. The affidavit also indicates that Debtor's counsel anticipated spending one hour preparing an order after the hearing. The Court has prepared the order in this matter; however, the affidavit does not include any time for the actual hearing on this matter, and the Court will award one hour of attorney fees for Debtor's counsel's representation of Debtor at the hearing. Thus, the total attorney fees for Debtor's representation are $1,562.50.

In addition to attorney fees, Debtor is entitled to recover damages in the amount of $538.20. This amount is for three years of credit monitoring at $14.95 per month, which Debtor testified was necessary due to Ms. Werby's implied threats regarding the use of Debtor's social security number. Finally, because of the egregious nature of Ms. Werby's continuing conduct toward Debtor, Debtor is entitled to punitive damages in the amount of $5,000.

## CONCLUSION

For the reasons set forth above, the Court finds that Jennifer A. Werby willfully violated the automatic stay, and Debtor is entitled to damages pursuant to 11 U.S.C. § 362(k). Debtor is awarded actual damages of $2,100.70 and punitive damages of $5,000 against Ms. Werby. Ms. Werby is further ordered to refrain from any continued attempts to collect the debt from Debtor.

AND IT IS SO ORDERED.